IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KENNETH HARBER,

        Plaintiff,

        v.

COMMUNITY EDUCATION CENTERS, INC.,
et al.,

        Defendants.

No. 3:12-cv-01123-HZ

OPINION & ORDER

Kyle S. Clark
THE LAW OFFICE OF KYLE S. CLARK
2121 SW Broadway, Suite 130
Portland, OR 97201

    Attorney for Plaintiff

Martha J. Hodgkinson
HODGKINSON STREET LLC

1 - OPINION & ORDER

1620 SW Taylor Street, Suite 350
Portland, OR 97205

    Attorney for Defendant Community Education Centers, Inc.

Kristin A. Winges-Yanez
OREGON DEPARTMENT OF JUSTICE
1515 SW Fifth Avenue, Suite 410
Portland, OR 97201

    Attorney for Defendants Joe DeCamp and Marissa Wilson

HERNANDEZ, District Judge:

Now before me is a motion to dismiss (doc. #11) filed under rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule") by Community Education Centers, Inc. ("CEC"). For the reasons that follow, CEC's motion is DENIED.

## BACKGROUND

Kenneth Harber ("Plaintiff") filed this civil rights action on June 22, 2012, pursuant to 42 U.S.C. § 1983 ("§ 1983").[1] The complaint alleges that CEC, Joe Decamp ("Decamp"), and Marissa Wilson ("Wilson") (collectively, "Defendants") violated Plaintiff's First Amendment rights to "Freedom of Speech, Freedom of Religion, and Freedom of Expression". Compl., ¶¶ 17-18. Plaintiff alleges that while serving a prison sentence at the Oregon Department of Corrections ("ODOC"), he was transferred to Deer Ridge Correctional Institution ("DRCI")[2] on March 23, 2010, "for the purpose of participating in . . . CEC's Phoenix Program [(the "Program")]".[3] Id., ¶¶ 5-6, 9. The

---

[1] After CEC filed its motion to dismiss, the Court was notified on September 17, 2012, by Patricia Martinez, the representative of Plaintiff, that Plaintiff had passed away.
[2] DRCI is a prison operated by ODOC. Compl., ¶ 5.
[3] CEC's website states that the goal of the Program is to "provide an intensive substance abuse treatment program that emphasizes relapse prevention." Id., ¶ 10.

2 - OPINION & ORDER

complaint further alleges that "[a]s part of the [P]rogram, the inmates were required to chant CEC's Philosophy at least once during each class".[4] Id., ¶¶ 11-12.

Plaintiff alleges that around July 1, 2010, he "quit the CEC Phoenix Program because chanting the Philosophy was contrary to his religious beliefs" and that because he quit the Program, he "was placed in a segregation cell for eight days . . . and lost his good time credits", which extended "his release date from September 16, 2010 to October 13, 2010." Id., ¶¶ 14-15. Finally, Plaintiff alleges that although he "filed grievances and requested that his earned good time credits be honored", DeCamp and Wilson "failed to restore [his] good time credits".[5] Id., ¶ 16.

/ / /

---

[4] The Philosophy states:

> FIRST, LET US KNOW THESE THINGS . . .
> That Our Lives Matter, Because We are Born with Potential;
> That We are Not Victims of Circumstance;
> That to Be Free, We Must Master Our Own Habits;
> That We Can Be Part of Something Greater Than Ourselves and
> Thereby Find the Greatest Part of Ourselves.
> THEN, LET US DO THESE THINGS . . .
> Humble Ourselves To Learning
> Learn To Be Learners,
> Out of Respect For Our Own Potential And Out of Respect For
> Those Who Teach Us
> Take Courage Against Our Fears And Be Steady In Our Efforts;
> Help Each Other And Draw Strength From Each Other, For The
> One Who Falls Low Can Bring Us All Down Unless We Help Him
> (Her) Rise, And The One Who Rises High Can Take Us All Higher
> If We Strive Together.
>
> BUILD A FUTURE
> THAT IS BETTER THAN YOUR PAST!!

Compl., ¶ 11.
[5] DeCamp is an employee of ODOC and is the superintendent of DRCI. Compl., ¶ 5. Wilson is an employee of ODOC and is a correctional counselor at DRCI. Id., ¶ 6.

3 - OPINION & ORDER

## STANDARD

In order to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (200) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "When ruling on a motion to dismiss, we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005) (citing Cervantes v. United States, 330 F.3d 1186, 1187 (9th Cir. 2003)); see also Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011) ("In reviewing a district court's decision to dismiss for failure to state a claim, we take as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.") (Citation omitted).

## DISCUSSION

CEC contends that Plaintiff filed this action outside of the applicable statute of limitations period. Specifically, CEC argues that the complaint was not filed until June 22, 2012, which is more than 2 years after Plaintiff was "transferred to DRCI" on March 23, 2010. Mem. in Supp., pp. 3-4. CEC argues that "Plaintiff's cause of action accrued when he was required to chant the Philosophy after starting the program on March 23, 2010." Reply, p. 2.

"State law governs the statute of limitations period for § 1983 suits", such as the suit here. Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted). "Section 1983 claims are characterized as personal injury suits for statute of limitations purposes." Id. "Oregon's statute of limitations for such suits is two years". See id.

4 - OPINION & ORDER

Although the statute of limitations period for § 1983 suits is resolved by reference to state law, "the accrual date of a § 1983 cause of action is a question of federal law". <u>Wallace v. Kato</u>, 549 U.S. 384, 388 (2007).  Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." <u>Douglas</u>, 567 F.3d at 1109 (citation omitted).  For the purposes of determining when a § 1983 action commences, a court looks to Rule 3.  <u>Id.</u>  Pursuant to Rule 3, "[a] civil action is commenced by filing a complaint with the court".  Noted above, Plaintiff filed his complaint on June 22, 2012.

CEC's arguments do not support dismissal of this action.  The problem with CEC's arguments is that even assuming as true that the statute of limitations began to run when Plaintiff was required to chant the Philosophy, the complaint does not expressly allege when Plaintiff began chanting the Philosophy, let alone that Plaintiff began chanting the Philosophy the day he was transferred to DRCI on March 23, 2010.  Reading the allegations in the complaint in the light most favorable to Plaintiff and drawing all reasonable inferences therefrom, I conclude that CEC's motion to dismiss must be denied.

## CONCLUSION

For the reasons stated above, CEC's motion to dismiss (doc. #11) is DENIED.

IT IS SO ORDERED.

Dated this  3  day of  Nov , 2012.

_____
MARCO A. HERNANDEZ
United States District Judge

5 - OPINION & ORDER